1  Dan Lawton (SBN 127342)
   dan@lawtonlaw.com
2  Joseph C. Kracht (SBN 228507)
   joe@lawtonlaw.com
3  LAWTON LAW FIRM
   Emerald Plaza
4  402 West Broadway, Suite 1330
   San Diego, CA 92101
5  619.595.1370 (Telephone)
   www.lawtonlaw.com
6  Attorneys for Plaintiff and Counter-Defendant Imprimis Pharmaceuticals, Inc.

7  Richard M. Wirtz (SBN 137812)
   rwirtz@wirtzlaw.com
8  Erin K. Barns (SBN 286865)
   ebarns@wirtzlaw.com
9  Lauren B. Sabb (309929)
   lsabb@wirtzlaw.com
10 WIRTZ LAW APC
   4365 Executive Drive, Suite 1460
11 San Diego, California 92121
   voice: 858.259.5009

12 Attorneys for Defendant and Counter Claimant Ocular Science, Inc.

13

14                    **UNITED STATES DISTRICT COURT**

15                   **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMPRIMIS PHARMACEUTICALS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>OCULAR SCIENCE, INC., a California corporation; DAMIEN GOLDBERG, a natural person;  and and DOES 1-20,<br><br>    Defendants. | Case Number: 16-cv-0296-LAB-WVG<br><br>**DISCOVERY PLAN** |
| AND RELATED CLAIMS. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

This report is made pursuant to the Court's June 14, 2016 Order (Dkt. # 12) setting a Case Management Conference for July 29, 2016, directing the parties to complete the Federal Rule of Civil Procedure 26(f) conference by July 8, 2016, and directing the parties to submit a discovery plan to the court by July 22, 2016.

**A.     RULE 26(F) CONFERENCE OF COUNSEL**

Counsel for the parties held a telephonic conference on July 8, 2016, at approximately 2:00 p.m.  The telephone conference was attended by the following counsel of record:

- Erin K. Barns and Lauren B. Sabb of Wirtz Law APC on behalf of Defendant and Counter-Claimant Ocular Science, Inc. ("Ocular").

- Dan Lawton of Lawton Law Firm on behalf of Plaintiff and Counter-Defendant Imprimis Pharmaceuticals, Inc. ("Imprimis").

Counsel for the parties discussed each of the matters set forth below.

**B.     NATURE OF CLAIMS AND DEFENSES**

Plaintiff Imprimis Pharmaceuticals, Inc.'s First Amended Complaint alleges nine claims for relief against Defendants Ocular Science, Inc. and Damian Goldberg:  (1) Infringement of Trademarks; (2) Common Law Unfair Competition; (3) Violation of Unfair Competition Law; (4) Common Law Trademark and Trade Name Infringement; (5) Declaratory Relief under 28 U.S.C. § 2201; (6) Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act; (7) Violation of the Defend Trade Secrets Act of 2016; (8) Breach of Advisory Panel Agreement (against Goldberg Only); and (9) Injunctive Relief.

Defendants' Answer and Counterclaim alleges three counter-claims as follows: (1) Declaratory Judgment; (2) Violation of Sherman Act § 2; (3) Violation of Unfair Competition Law (Cal. Bus. and Prof. Code § 17200. Defendants allege all of these Counterclaims against Imprimis Pharmaceuticals, Inc.

///

///

1

## C.      PROPOSED DISCOVERY PLAN

2          1.      Initial Disclosures: The parties both served their initial disclosures on

3    July 18, 2016, the date which was set by the Magistrate Judge for the exchange.

4    The parties do not believe any changes should be made in the timing, form, or

5    requirement for disclosures under Rule 26(a).

6          2.      Subjects on which discovery may be needed:

7          *Imprimis' View:*   The scope of anticipated discovery shall include,

8    discovery regarding the trademarks at issue, including discovery on Imprimis' use

9    of the marks; date(s) of first use; the likelihood of confusion factors; infringement;

10   damages; and Ocular's profits derived from sales of its products.  In addition, the

11   parties contemplate discovery on Imprimis' trade secrets and the efforts made to

12   maintain the secrecy of same.   Discovery on Ocular's Sherman Act claim,

13   including Ocular's antitrust injury, if any, is also contemplated. The parties also

14   contemplate discovery on defendant Goldberg's breaches of contract and

15   misappropriation of trade secrets (and Ocular's aiding and/or abetting of the same)

16   and the damages stemming therefrom.

17         *Ocular's View*:  Ocular's anticipated scope of discovery shall include

18   discovery regarding the trademarks at issue, including discovery on Imprimis' use

19   of the marks, date of first use, and the likelihood of confusion factors; Imprimis'

20   alleged trade secrets and the efforts made to maintain the secrecy of same;

21   Ocular's Sherman Act claim, including information regarding Imprimis' market

22   share, any and all prior lawsuits by Imprimis against competitors, buyouts of

23   competitors, cease and desist letters or other threats to competitors, and

24   communications to or about competitors; Imprimis' FDA approval, if any; the

25   alleged advisory panel agreement; Imprimis' formulations, and Imprimis's

26   allegations regarding "copycat" formulations; and information regarding

27   Imprimis's damages.

28

3. **When discovery should be completed**: The parties agree that discovery should be completed by the discovery cut-off date, to be determined by the Court.

4. **Whether discovery should be conducted in phases or be limited to or focused on particular issues**: The Parties agree that discovery need not be conducted in phases, limited, or focused (other than by the applicable rules pertaining to the scope of discovery) at this time.

5. **Issues regarding the disclosure or discovery of electronically stored information**:  The parties agree that all ESI, including emails, should be produced as a bates stamped image (e.g. PDF) on CD-ROMs, DVDs or flash drives.

Plaintiff Imprimis believes production of ESI in native format increases costs unduly and the parties ought to provide or electronic copies in the format listed above and produce ESI in native format only if there is a good faith dispute over authenticity of a document.

Defendant Ocular would like to reserve the right to request production of ESI in its native, searchable format. As specific discovery requests are made, the Parties agree to meet and confer further regarding the scope and burden of ESI discovery, including any potential cost shifting or sharing.

6. **Issues regarding claims of privilege or protection:** The parties agree that a stipulated protective order is necessary in this case and agree that the protective order should contain two levels of protection: Confidential and Attorney's Eyes Only.  Defendant agrees to draft the initial draft of this stipulated protective order in the form appended to the Court's Local Rules.  The parties agree to work in good faith to agree upon its form and to promptly ensure its filing.

7. **Changes in limitations on discovery**:  The Parties agree that no changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rules are necessary at this time.

///

8.    Other Issues:

*Ocular's Position*: It is Ocular's position that the trial of this action should be bifurcated into two phases: liability and damages.  This is because the parties are direct competitors, Ocular has alleged that this suit is anti-competitive in nature and brought for an improper purpose, and thus liability should be proven before Ocular is required to submit to discovery on its sales and customer lists.

*Imprimis' Position*:  Imprimis believes no bifurcation is needed and that judicial and jury economy will be served by not bifurcating the trial.

Respectfully submitted,

Dated:     July 22, 2016          **WIRTZ LAW APC**

By:    */s/ Lauren B. Sabb*
Richard M. Wirtz
Erin K. Barns
Lauren B. Sabb
*Attorneys for Defendant and*
*Counterclaimant Ocular Science, Inc.*

Dated:     July 22, 2016          **LAWTON LAW FIRM**

By:    */s/ Dan Lawton*
Dan Lawton
*Attorney for Plaintiff and*
*Counterdefendant Imprimis*
*Pharmaceutical, Inc.*